```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  10/17/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAHTY CHEVALIER o/b/o K.K.
as the survivor of
ROBERT KAELIN (deceased),

                         Plaintiff,

  -against-

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.

23 CIV 2701 (NSR)(VR)

**ORDER AND OPINION**

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Cathy Chevalier ("Plaintiff"), as survivor of Robert Kaelin (deceased), on behalf of K.K., a minor, brings this action under 42 U.S.C. § 405(g). She seeks judicial review of a final determination of the Commissioner of Social Security (the "Commissioner"), which denied Kaelin's application for disability benefits ("DIB") under the Social Security Act (the "Act"), and found that he was not disabled. (*See* ECF No. 1.) Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the matter was referred to Magistrate Judge Victoria Reznik ("MJ Reznik") to issue a Report and Recommendation ("R & R"). (ECF No. 6.)

    Now before the Court is MJ Reznik's R & R (ECF No. 17), recommending that Plaintiff's motion ("Plaintiff's Motion", ECF No. 12) for "for an Order remanding this case for calculation of benefits only," (*id.*) be denied and the Commissioner's decision be affirmed. Plaintiff timely filed objections to MJ Reznik's R & R on August 22, 2024. ("Pltf.'s Obj.", ECF No. 17.) The Commissioner filed a response on September 3, 2024. (ECF No. 18.) For the following reasons, the Court adopts MJ Reznik R & R in its entirety and DENIES Plaintiff's Motion.

    The Court presumes familiarity with the factual and procedural background of this case, including the entire administrative record and the facts surrounding Mr. Kaelin's medical history.

1

## LEGAL STANDARDS

### I. Standard of Review

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS,* 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record,

applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## II. Disability Benefits

To be eligible to receive DIB, a claimant must be disabled within the meaning of the Act. *See* 42 U.S.C. §§ 423(a), (d). To be deemed disabled with the meaning of the Act, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant bears the initial burden of proof and must demonstrate his or her disability status by presenting "medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged." 42 U.S.C.A. § 423 (d)(5)(A); *see also Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir.1983). A claimant's subjective complaints of pain without more, is insufficient to meet the requisite showing. 42 U.S.C.A. § 423 (d)(5)(A).

When evaluating a claim of disability, the Administrative Law Judge ("ALJ") is required

to undertake a five-step procedure set out in the regulations governing the administration of Social Security benefits. 20 C.F.R. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If not, the second step requires the ALJ to consider whether the claimant has a "severe impairment" that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant does suffer such an impairment, the third step requires the ALJ to determine whether this impairment "meets or equals a listed impairment in Appendix 1" of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant's impairment meets or equals one of those listed, the claimant is presumed to be disabled "without considering the [claimant's] age, education, and work experience." *Id.* At the fourth step, the ALJ must consider the claimant's residual functional capacity ("RFC") and past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If it is determined that the claimant can still perform relevant work, he or she will be found not to be disabled (*see* paragraphs (f) and (h) of this section and § 404.1560(b)). *Id.* Lastly, if claimant is disabled, the ALJ must determine whether he or she is capable of performing any other work. 20 C.F.R. § 404.152(a)(4)(v). With respect to the last step, the burden shifts to the Commissioner. *Id.*

## DISCUSSION

### I. Time Off and Absenteeism

Plaintiff argues that the ALJ failed to adequately consider absenteeism and time-off task. (Pltf.'s Obj. at 2.) As previously argued in her reply brief, Plaintiff cites testimony from a vocational expert that a hypothetical individual with Mr. Kaelin's vocational profile and RFC would be precluded from performing all work activity if he was off-task for more than 15% of the workday and absent more than three days per month. (*Compare* Pltf.'s Obj. at 2 (citing ECF No. 11 at 73) *with* Pltf.'s Reply Brief (ECF No. 15) at 9.) Based on this hypothetical alone, Plaintiff

contends that Mr. Kaelin would have "violate[d] the attendance requirements of most employers and would not [have] be[en] able to sustain employment." (Pltf.'s Obj. at 4.) But Plaintiff raised this precise argument before MJ Reznik and MJ Reznik correctly rejected it because Plaintiff did not identify any evidence showing that Mr. Kaelin had any limitations maintaining regular attendance or remaining on-task. (*See* R & R at 35.) Because Plaintiff "'rehashes the same arguments set forth in her brief before the magistrate judge,' this Court will only review the R & R for clear error." *See Belen v. Colvin*, No. 14CIV6898PGGJCF, 2020 WL 3056451, at *3 (S.D.N.Y. June 9, 2020) (citation omitted). After carefully reviewing the relevant filings in this action, the Court can find no error in MJ Reznik's conclusion that the ALJ was not required to address absenteeism and time off-task in his RFC analysis. (*See* R & R at 35-36.) MJ Reznik employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.

## II. RFC Determination

Plaintiff next challenges MJ Reznik's finding that Mr. Kaelin's most significant impairment was bilateral carpal tunnel syndrome, and that substantial evidence in the record supported the ALJ's finding that Mr. Kaelin was limited to light work with no more than frequent manipulation of the hands for fine and gross motor activity. (*See* Pltf.'s Obj. at 3-4.) But Plaintiff puts forth no argument as to why MJ Reznik's findings were mistaken – in fact, to make her argument, Plaintiff relies on some of the very same treatment notes cited by the ALJ and MJ Reznik to reach the opposite conclusion. (*See id.*) Plaintiff additionally cites the medical testimony of Dr. Simon H. Chin to establish that Mr. Kaelin was more limited in RFC than found by the ALJ. (*See id.* at 4.) But MJ Reznik already appropriately concluded in the R & R that Dr. Chin's testimony was vague, as Dr. Chin did not state what specific functional restrictions resulted from the

disability percentages. (*See* R & R at 20.) As a result, the ALJ appropriately discounted Dr. Chin's statement because a medical opinion must articulate a claimant's limitations and what the claimant is still capable of doing despite those limitations. (*Id.*) Although Plaintiff's objections here target specific portions of the R & R, they "simply rehash the arguments" in Plaintiff's initial briefing. *See Williams v. Comm'r of Soc. Sec.*, No. 15-CV6719, 2017 WL 4326119, at *1 (S.D.N.Y. Sept. 28, 2017). Because of this, Plaintiff's objections "are reviewed only for clear error." *Id.* (quoting *Faucette v. Comm'r of Soc. Sec.*, No. 13-CV-4851, 2015 WL 5773565, at *3 (S.D.N.Y. Sept. 30, 2015) (applying clear error review where Plaintiff's objections "repeat[ed] nearly verbatim the arguments that [the p]laintiff made in his original brief")); *Weinrauch v. N.Y. Life Ins. Co.*, No. 12-CV-5010, 2013 WL 1100809, at *2 (S.D.N.Y. Mar. 18, 2013) (reviewing objections for clear error where the objector "rehashe[d] his previous arguments to" the Magistrate Judge). The Court finds no error, clear or otherwise, in MJ Reznik's conclusions regarding Mr. Kaelin's RFC.

Moreover, while Plaintiff cites extensively to Mr. Kaelin's complaints of hand symptoms, (Pltf.'s Obj. at 3-4), "subjective complaints alone are not a basis for an award of disability insurance benefits in the absence of corroborating objective medical evidence," *Mauro v. Comm'r of Soc. Sec.* 746 Fed. App'x 83, 84 (2d Cir. 2019) (citing 20 C.F.R. § 404.1529). Indeed, Mr. Kaelin's complaints of discomfort and weakness do not establish that he was unable to use his hands throughout the relevant period, because, as MJ Reznik discussed, Dr. Chin did not list findings of decreased strength prior to surgery, and another doctor found intact grip strength in April 2021, and Dr. Chin still found 20 pound-grip strength in Mr. Kaelin's right hand in the weeks following his surgery. (*See* R & R at 10-11.)

### III. Potential Jobs

Finally, Plaintiff objects to MJ Reznik's R & R and reiterates her claim that that Mr. Kaelin

could not perform the jobs of price marker, routing clerk, and mail sorter because they required "substantial," "constant," or "a great deal" of hand movement. (Pltf.'s Obj. at 2-3.) To the extent that Plaintiff is arguing that Mr. Kaelin could not perform the frequent handling and fingering required of the three jobs, Plaintiff's argument is simply a restatement of her previously unsuccessful challenge to MJ Reznik's RFC finding. (*Compare* Pltf.'s Obj. at 2-3 *with* Pltf.'s Reply Brief at 8-9.) As explained, *supra*, objections that are "merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [briefing] will not suffice to invoke de novo review of the magistrate's recommendations." *See Mancuso v. Kijakazi*, No. 22-CV-5633 (KMK), 2023 WL 6311289, at *1 (S.D.N.Y. Sept. 28, 2023) (quoting *Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)); *see also Assenheimer v. Comm'r of Soc. Sec.*, No. 13-CV-8825, 2015 WL 5707164, at *2 (S.D.N.Y. Sept. 29, 2015) (same); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (same). Instead, the Court reviews only for clear error and finds none. *See Williams v. Comm'r of Soc. Sec.*, No. 15-CV-7526, 2017 WL 1483545, at *3 (S.D.N.Y. Apr. 25, 2017) (reviewing for clear error where the plaintiff only rehashes the same arguments set forth in the original memorandum); *Assenheimer v. Comm'r of Soc. Sec.*, No. 13-CV-8825, 2015 WL 5707164, at *2 (S.D.N.Y. Sept. 29, 2015) (same); *Hernandez v. Comm'r of Soc. Sec.*, No. 13-CV-5625, 2015 WL 5122523, at *4 (S.D.N.Y. Aug. 31, 2015) (same), *aff'd*, 669 F. App'x 599 (2d Cir. 2016). MJ Reznik's conclusion that there were jobs, such as that of a price marker, routing clerk, and mail sorter, in the national economy that Mr. Kaelin could perform was thorough and well-reasoned.

## CONCLUSION

For the reasons stated above, the Court adopts MJ Reznik's R & R in its entirety. Accordingly, the Court DENIES Plaintiff's Motion. The Clerk of the Court is respectfully directed

to terminate the motion at ECF No. 12 and the case.

Dated: October 18, 2024                                      SO ORDERED:
       White Plains, New York

                                                          NELSON S. ROMÁN